IN THE CIRCUIT COURT OF STODDARD COUNTY, MISSOURI

| | |
|---|---|
| BURLEY MCINTYRE, )<br>)<br>LESLIE MCINTYRE, )<br>)<br>        Plaintiffs, )<br>  v. )<br>)<br>S. I. AG AVIATION, )<br>Serve at:  Josh Lofton, registered agent )<br>               2205 Alridge Road )<br>               Cobden, Illinois 62920 )<br>)<br>and )<br>)<br>JOSH LOFTON, )<br>Serve at:  2205 Alridge Road )<br>               Cobden, Illinois 62920 )<br>)<br>        Defendants. ) | Case No.: _____<br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S PETITION FOR DAMAGES

COME NOW Plaintiffs, Burley McIntyre and Leslie McIntyre, a by and through their attorney of record, Dustin L. Mayer, and for their causes of action against Defendants Southern Illinois Aviation and Josh Lofton (hereinafter referred to as "defendants") state as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Burley McIntyre and Plaintiff Leslie McIntyre are husband and wife and reside 24813 County Road 385, Bell City, Stoddard County, Missouri.

2. Defendant S. I. Ag Aviation, LLC, is an Illinois limited liability company with is principal place of business located at 2205 Aldridge Road, Cobden, Illinois.

3. Defendant Josh Lofton, is an individual residing at 2205 Aldridge Road, Cobden, Illinois, and at all times alleged herein was acting in the course and scope of his duties as an employee, agent, and/or owner of Defendant Southern Illinois Aviation.

**EXHIBIT 1**

4. Jurisdiction and venue over these defendants are proper because the incident which is the basis of this lawsuit occurred in Stoddard County, Missouri; furthermore, Plaintiffs are residents of Stoddard County, Missouri, and all injuries alleged herein occurred in Stoddard County, Missouri.

5. On or about April 20, 2018, Defendant Josh Lofton was operating a crop-dusting airplane owned by Defendant S. I. Ag Aviation, LLC in fields next to or near the Plaintiffs' residence at 24813 County Road 385, Bell City, Stoddard County, Missouri.

6. At all times alleged herein and relevant hereto Defendant Josh Lofton was the owner, agent, and/or employee of Defendant S. I. Ag Aviation, LLC and was acting within the course and scope of his agency and/or employment with Defendant S. I. Ag Aviation, LLC

7. On or about April 20, 2018, Defendants Josh Lofton and S. I. Ag Aviation, LLC operated the crop-dusting airplane owned by Defendant S. I. Ag Aviation, LLC in such a manner so as to cause the residence and premises owned by Plaintiffs Burley McIntyre and Leslie McIntyre at 24813 County Road 385, Bell City, Stoddard County, Missouri, to be sprayed said airplane with a mixture of Roundup, 2-4-D, the pesticide Valor, and/or other toxic chemicals or their off brand equivalent.

8. Defendants knew or should have known that spraying the aforementioned toxic chemicals during the weather conditions of April 20, 2018, would result in Plaintiffs' residence and premises being spraying by the toxic chemicals listed in paragraph 6 of this petition.

**COUNT I**
**NEGLIGENCE**

9. Plaintiffs Burley McIntyre and Leslie McIntyre reallege, restate and reaver all the allegations contained in paragraphs above as if set forth fully herein.

10. Defendants negligently failed to exercise the care necessary to prevent harm in that:

**EXHIBIT 1**

    a.    Defendants failed to select a flight path that would not result in Plaintiffs' property being sprayed;

    b.    Defendants sprayed during wind and weather conditions that were unsafe or unreasonable considering the circumstances;

    c.    Defendants sprayed at heights and speeds that were unsafe for the conditions;

    d.    Defendants sprayed chemicals in manner not approved by the label of the chemicals being applied.

    e.    Defendants failed to follow the EPA approved label on use for the pesticides/chemicals that Defendants were spraying.

11. As a direct and proximate result of Defendants' negligent actions and omissions, as particularly set forth above, Plaintiffs Burley McIntyre and Leslie McIntyre have sustained severe, permanent and progressive injuries, including, but not limited to, injuries to their lungs, throat, nose, and central nervous system.

12. As a direct and proximate result of Defendants spraying the Plaintiffs' premises, Plaintiff Burley McIntyre suffered injuries to his central nervous system, lungs, throat, mouth, nose, shortness of breath, headaches, muscle aches and spasms, nausea, impotence and loss of consortium, blurred vision, depression, and emotional distress.  Plaintiff Burley McIntyre will incur the services of hospitals, physicians, nurses and other healthcare providers, all at a substantial cost.  Plaintiff Burley McIntyre has suffered pain, suffering, emotional distress, and will in the future suffer medical expenses and further pain and suffering as a direct result of his premises being sprayed by Defendants.

13. As a direct and proximate result of Defendants spraying the Plaintiffs' premises,

**EXHIBIT 1**

Plaintiff Leslie McIntyre suffered injuries to her central nervous system, lungs, throat, mouth, nose, shortness of breath, headaches, muscle aches and spasms, nausea, and loss of consortium, blurred vision, depression, and emotional distress. Plaintiff Leslie McIntyre will incur the services of hospitals, physicians, nurses and other healthcare providers, all at a substantial cost. Plaintiff Leslie McIntyre has suffered pain, suffering, emotional distress, and will in the future suffer medical expenses and further pain and suffering as a direct result of her premises being sprayed by Defendants.

14. As a direct and proximate result of Defendants' negligent actions and omissions, as particularly set forth above, Plaintiffs Burley McIntyre's and Leslie McIntyre's damages are ongoing and permanent.

15. As a direct and proximate result of Defendants spraying the Plaintiffs' premises, the Plaintiffs further suffered property damage in the form of the killing of trees, shrubs, flowers, lawn, garden, and other plants and landscaping. Many of these plants carried great sentimental value to Plaintiffs and the death and destructions of said plants caused great emotional distress to Plaintiffs as well as costs of replacement and property devaluation.

WHEREFORE, Plaintiffs Burley McIntrye and Leslie McIntrye, pray for an Order of this Court granting them judgment in an amount over Twenty-Five Thousand Dollars ($25,000.00) that is fair and reasonable given the nature and extent of the damages for compensation, for costs incurred for medical expenses in the future, for damages to their property, for their costs incurred herein, and for such further and additional relief as the Court may deem just and proper under the circumstances.

## COUNT II
## NEGLIGENCE PER SE

16. Plaintiffs Burley McIntyre and Leslie McIntyre reallege, restate and reaver all the

**EXHIBIT 1**

Electronically Filed - Stoddard - February 02, 2023 - 01:52 PM

allegations contained in paragraphs above as if set forth fully herein.

17. At all times mentioned herein, Section 281.048, RSMo was in full force and effect. Said section requires commercial applicators to obtain a license from the State of Missouri in order apply certain pesticides, which include those sprayed on Plaintiffs house and premises by Defendants.

18. At all times mentioned herein, EPA Registration No. 524-549, was in full force and effect. Said regulatory approved labeling requires applicators to spray, use, and otherwise handle pesticides in certain ways to ensure the safety of others including Plaintiffs.

19. At all times mentioned herein, EPA Registration No. 59639-117, was in full force and effect. Said regulatory approved labeling requires applicators to spray, use, and otherwise handle pesticides in certain ways to ensure the safety of others including Plaintiffs.

20. At all times mentioned herein, EPA Registration No. 81927-38, was in full force and effect. Said regulatory approved labeling requires applicators to spray, use, and otherwise handle pesticides in certain ways to ensure the safety of others including Plaintiffs.

21. Plaintiffs were within the class of persons said statute and regulations were designed to protect.

22. Plaintiffs' injuries and damages were directly and proximately caused by the Defendants failure to properly handle, spray, and otherwise use pesticides in accordance with EPA regulations and labels on use and by the violation or violations of Section 281.048, RSMo., EPA Registration No. 524-549, EPA Registration No. 59639-117, and/or EPA Registration No. 81927-38.

23. As a direct and proximate result of Defendants' violation or violations of these statutes and regulations, Plaintiff Burley McIntyre suffered injuries to his central nervous system,

**EXHIBIT 1**

lungs, throat, mouth, nose, shortness of breath, headaches, muscle aches and spasms, nausea, impotence and loss of consortium, blurred vision, depression, and emotional distress. Plaintiff Burley McIntyre will incur the services of hospitals, physicians, nurses and other healthcare providers, all at a substantial cost. Plaintiff Burley McIntyre has suffered pain, suffering, emotional distress, and will in the future suffer medical expenses and further pain and suffering as a direct result of his premises being sprayed by Defendants.

24. As a direct and proximate result of Defendants' violation or violations of these statutes and regulations, Plaintiff Leslie McIntyre suffered injuries to his central nervous system, lungs, throat, mouth, nose, shortness of breath, headaches, muscle aches and spasms, nausea, and loss of consortium, blurred vision, depression, and emotional distress. Plaintiff Leslie McIntyre will incur the services of hospitals, physicians, nurses and other healthcare providers, all at a substantial cost. Plaintiff Leslie McIntyre has suffered pain, suffering, emotional distress, and will in the future suffer medical expenses and further pain and suffering as a direct result of his premises being sprayed by Defendants.

25. As a direct and proximate result of Defendants' violation or violations of these statutes and regulations, the Plaintiffs further suffered property damage in the form of the killing of trees, shrubs, flowers, lawn, garden, and other plants and landscaping. Many of these plants carried great sentimental value to Plaintiffs and the death and destructions of said plants caused great emotional distress to Plaintiffs as well as costs of replacement and property devaluation.

WHEREFORE, Plaintiffs pray for an Order of this Court granting them each judgment in an amount over Twenty-Five Thousand Dollars ($25,000.00) that is fair and reasonable given the nature and extent of the damages for compensation, for costs incurred for medical expenses in the future, for their costs incurred herein, and for such further and additional

**EXHIBIT 1**

Electronically Filed - Stoddard - February 02, 2023 - 01:52 PM

relief as the Court may deem just and proper under the circumstances.

## COUNT III
## STRICT LIABILITY

26. Plaintiffs Burley McIntyre and Leslie McIntyre reallege, restate and reaver all the allegations contained in paragraphs above as if set forth fully herein.

27. Defendants were operating a crop-dusting operation whereby they sprayed various toxic chemicals and pesticides near or over the residences of individuals and said activity is abnormally dangerous.

28. Defendants were engaged in a crop-dusting operating when as a direct result of their crop-dusting operating Plaintiffs' residence was sprayed with various toxic chemicals and pesticides and Defendants were damaged as a result.

29. As a direct and proximate result of Defendants crop-dusting operation they sprayed the Plaintiffs' premises, Plaintiff Burley McIntyre suffered injuries to his central nervous system, lungs, throat, mouth, nose, shortness of breath, headaches, muscle aches and spasms, nausea, impotence and loss of consortium, blurred vision, depression, and emotional distress.  Plaintiff Burley McIntyre will incur the services of hospitals, physicians, nurses and other healthcare providers, all at a substantial cost.  Plaintiff Burley McIntyre has suffered pain, suffering, emotional distress, and will in the future suffer medical expenses and further pain and suffering as a direct result of his premises being sprayed by Defendants.

30. As a direct and proximate result of Defendants crop-dusting operation they sprayed the Plaintiffs' premises, Plaintiff Leslie McIntyre suffered injuries to his central nervous system, lungs, throat, mouth, nose, shortness of breath, headaches, muscle aches and spasms, nausea, and loss of consortium, blurred vision, depression, and emotional distress.  Plaintiff Leslie McIntyre will incur the services of hospitals, physicians, nurses and other healthcare providers, all at a

**EXHIBIT 1**

substantial cost.  Plaintiff Leslie McIntyre has suffered pain, suffering, emotional distress, and will in the future suffer medical expenses and further pain and suffering as a direct result of his premises being sprayed by Defendants.

31. As a direct and proximate result of Defendants crop-dusting operation they sprayed the Plaintiffs' premises, the Plaintiffs further suffered property damage in the form of the killing of trees, shrubs, flowers, lawn, garden, and other plants and landscaping.  Many of these plants carried great sentimental value to Plaintiffs and the death and destructions of said plants caused great emotional distress to Plaintiffs as well as costs of replacement and property devaluation.

WHEREFORE, Plaintiffs pray for an Order of this Court granting them each judgment in an amount over Twenty-Five Thousand Dollars ($25,000.00) that is fair and reasonable given the nature and extent of the damages for compensation, for costs incurred for medical expenses in the future, for their costs incurred herein, and for such further and additional relief as the Court may deem just and proper under the circumstances.

/s/ *Dustin L. Mayer*
Dustin L. Mayer         (No. 64009)
MAYER LAW OFFICE
PO Box 326
130 E. Stoddard
Dexter, Missouri 63841
Phone:  (573) 624-7876
Fax:  (573) 624-7810
dustin@mayerlawoffice.com
Attorney for the Plaintiffs

**EXHIBIT 1**

Electronically Filed - Stoddard - February 02, 2023 - 01:52 PM